UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON DENT,

                Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

                Defendants.

Civil Action No. 17-2502 (UNA)

FILED
JAN - 4 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis*. Generally, a litigant is required to pay a filing fee in full. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Pursuant to the Prison Litigation Reform Act ("PLRA"), *in forma pauperis* status does not relieve a prisoner plaintiff of his obligation to pay the filing fee in full. *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). Rather than "pay the full filing fee at the time he brings suit . . . he can pay the filing fee in installments over time." *Id.* (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)).

Plaintiff, who was incarcerated at the time he filed his complaint, has accumulated three strikes. *See Dent v. Executive Office for United States Attorneys*, No. 1:12-cv-0420 (D.D.C.

Sept. 3, 2013) (vacating *in forma pauperis* status under 28 U.S.C. § 1915(g)). Under these circumstances, plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court "assess[es] the alleged danger at the time [plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true," *id.* (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). The complaint alleges violations of the Freedom of Information Act; there are no factual allegations in the complaint itself suggesting that plaintiff is in imminent danger of serious physical injury. However, in his Motion to Proceed Under Imminent Risk of Physical Injury or Death, plaintiff discusses his attempts to obtain medical treatment for assorted maladies, assaults, and injuries he has sustained, and tampering with his mail. None of the circumstances plaintiff describes demonstrate *imminent* danger of serious physical injury. Accordingly, the Court will deny plaintiff's application to proceed *in forma pauperis* under the "three strikes" provision, and dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: ~~December ____, 2017~~ January 3, 2018

United States District Judge